Paul J. Keenan Jr. (admitted *pro hac vice*)
John R. Dodd (admitted *pro hac vice*)
Reginald Sainvil (admitted *pro hac vice*)
Baker & McKenzie LLP
1111 Brickell Avenue, 10th Floor
Miami, FL 33130
Telephone: 305-789-8900
Facsimile: 305-789-8953
Email: paul.keenan@bakermckenzie.com
       john.dodd@bakermckenzie.com
       reginald.sainvil@bakermckenzie.com

Blaire Cahn
Baker & McKenzie LLP
452 Fifth Avenue
New York, NY 10018
Telephone: 212-626-4100
Facsimile: 212-310-1600
Email: blaire.cahn@bakermckenzie.com

*Counsel for the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| MERCON COFFEE CORPORATION, *et al.*,[1] | Case No. 23-11945(MEW) |
| Debtors. | Jointly Administered |

**FURTHER SUPPLEMENTAL DECLARATION OF HARVE
LIGHT IN SUPPORT OF CONFIRMATION OF FOURTH
AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION FOR
<u>MERCON COFFEE CORPORATION AND CERTAIN AFFILIATED DEBTORS</u>**

I, Harve Light, declare as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: Mercon Coffee Corporation (1844); Mercon B.V. (N/A); Mercon Brasil Comércio de Café Ltda. (N/A); Agro International Holding B.V. (N/A); Mercapital de Nicaragua, S.A. (N/A); Distribuidora de Granos de Nicaragua S.A. (N/A); Cisa Export S.A. (N/A); Comercial Internacional de Granos de Honduras, S.A. de C.V. (N/A); Mercon Guatemala, S.A. (N/A); Comercial Internacional Exportadora, S.A. (N/A). The Debtors' mailing address is: 999 Ponce de Leon Blvd, Suite 910, Coral Gables, FL 33134.

**Introduction**

1. I am a Managing Director at Riveron Management Services, LLC ("**Riveron**"), and serve as Chief Restructuring Officer ("**CRO**") of the above-captioned debtors and debtors-in-possession (the "**Debtors**"). Further information regarding my background and experience can be found in my Declaration, submitted on June 25, 2024 [Doc. No. 639].

2. As noted in that Declaration, I was appointed as the Debtors' CRO shortly prior to and in anticipation of the filing of the Debtors' voluntary chapter 11 petitions commencing the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). Prior to my appointment as CRO, in April 2023, I was retained through Riveron to assist the Debtors with, among other things, liquidity management, operational issues, financial restructuring needs, communications and negotiations with creditors, evaluation of strategic restructuring alternatives including potential sale alternatives, and the preparation and filing of these Chapter 11 Cases. My retention as CRO in these Chapter 11 Cases was approved by the Court by order entered on February 7, 2024 [Doc. No. 178].

3. I am authorized to and hereby submit this supplemental declaration (the "**Supplemental Declaration**") on behalf of the Debtors in support of confirmation of the *Fourth Amended Joint Chapter 11 Plan of Liquidation of Mercon Coffee Corporation and Certain Affiliated Debtors*, dated May 22, 2024 [Doc. No. 514] (as may be amended, modified, or supplemented from time to time, the "**Plan**").[2]

4. Except as otherwise indicated herein, all facts set forth in this Supplemental Declaration are based upon (a) my personal knowledge of the facts set forth herein, (b) information

---

[2] Capitalized terms used but not otherwise herein defined shall have the meaning ascribed to such terms in the Plan or the *Fourth Amended Disclosure Statement for Joint Chapter 11 Plan of Liquidation for Mercon Coffee Corporation and Certain Affiliated Debtors* (the "**Disclosure Statement**"), as may be applicable.

2

learned from the Debtors' management team and employees, (c) information gleaned from my review of relevant documents, or (d) information I received from Debtors' advisors. If I were called upon to testify, I could and would competently testify to the facts set forth herein. I am authorized to submit this Supplemental Declaration on behalf of the Debtors.

### Background

5. The purpose of this Supplemental Declaration is to provide further information regarding the Released Mercon D&Os listed in Exhibit A to the Supplemental Memorandum of Law in Support of Confirmation of Debtors' Fourth Amended Joint Chapter 11 Plan of Liquidation for Mercon Coffee Corporation and Certain Affiliated Debtors. [Doc. No. 638]. Specifically, this Supplemental Declaration will detail the consideration or contributions for the limitations on personal liability for the Released Mercon D&Os agreed to by all interested parties, including the Debtors, the Holders of the Prepetition First Lien Claims, the Official Committee of Unsecured Creditors appointed in the Debtors' Chapter 11 Cases (the "**Creditors' Committee**"), and all unsecured creditors that voted on the Plan, and the rationales behind such limitations.

### The Released Mercon D&Os

6. The Released Mercon D&Os can be divided into three broad categories (although there are overlaps and the Released Mercon D&Os sometimes fall into more than one of these categories).[3]

7. First, there are individuals who, while they had the title of director or officer, did not have managerial control outside of their local country, and did not have any direct responsibility or control of the global company or its finances. They did not report to the Debtors'

---

[3] Each Released Mercon D&O is placed into one or more of these three categories as summarized in the chart attached as **Exhibit** "**A**" hereto and explained below. This chart is the same as Exhibit A to the *Supplemental Memorandum of Law in Support of Confirmation of Debtors' Fourth Amended Joint Chapter 11 Plan of Liquidation for Mercon Coffee Corporation and Certain Affiliated Debtors* [Doc. No. 638], except for the addition of the category assignments.

3

Board of Directors; were not appointed by the Board of Directors; did not have managerial control over global operations; did not direct corporate governance; did not control corporate policy; and did not report to the CEO. As such, based on my experience and judgment, there did not appear to be any claims that could be asserted against this category of individuals that would have any value if they were pursued.[4]

8.  Second, the next category of Released Mercon D&Os were individuals who made significant contributions to the attempted sale and financing activities or went above and beyond in their efforts to maximize the value of assets as we liquidated them. These efforts had significant and tangible benefits to the Debtors' estates for at least two reasons. First, we were able to successfully market the Debtors' Vietnam and Specialty businesses. Second, pre- and post-petition, we were able to continue to operate and complete sales that brought the Debtors' inventory, outside Nicaragua, to close to nothing.

9.  This meant that, while in June of 2023, there was $250 million in outstanding debt, the Prepetition First Lien Claims was reduced by $48 million by the petition date, and reduced by another $74.5 million after the petition date. Indeed, in the last 12 months, the efforts of the Debtors' directors and officers will have directly caused the Debtors to pay down over $122.5 million under the Prepetition First Lien Credit Agreement and other credit facilities.

10. These benefits to the Debtors' estates could not have been achieved without the assistance of these Released Mercon D&Os. Yet, as they made clear to me, these Released Mercon D&Os would not have performed these services without the prospect of limitations on their personal liability. Instead, this matter would have been converted to a chapter 7, and, as shown in

---

[4] The Released Mercon D&Os who fall into this category include Nos. 1, 2, 3, 5, 10, 14, 15, and 19 on Exhibit A hereto.

4

the Liquidation Analysis performed here [Doc No. 521], the beneficiaries of the Debtors' estates would very likely have been in a substantially worse situation.

11. Nor was this business as usual for these Released Mercon D&Os. Many in this category live in or have family in Nicaragua, where the Debtors' shared services (Finance, Accounting, IT, and HR functions) were based. Following the appointment of the Intervenor in Nicaragua, most of the company employees resigned, with a shocking attrition level reducing the Debtor and Non-Debtor employees from 597 at filing to 204 by the end of February 2024. Not only did the Released Mercon D&Os continue to operate with greatly reduced support, but they did so in the face of threats, intimidation, and harassment, exposing them and their families to great personal risk, as outlined more thoroughly in my Declaration and elsewhere in these proceedings. Accordingly, in my experience and judgment, there was significant and tangible benefit to the Debtors' estates in proffering the instant limitations on personal liability to all members of this category.[5]

12. The third and final category of Released Mercon D&Os are those individuals for whom I believe that there would be no tangible economic benefit in pursuing them for claims in their individual capacity above the limits of the D&O Policy, or for claims not arising out of their gross negligence, fraud, or willful misconduct. These individuals all reside outside the U.S. in either Nicaragua, Guatemala, or Brazil. Most are not U.S. citizens.[6] Accordingly, in my experience and judgment, the significant expense of attempting to obtain and enforce a judgment

---

[5] The Released Mercon D&Os who fall into this category include Nos. 3, 4, 7, 8, 9, 10, 12, 15, and 19 on Exhibit A hereto.

[6] I understand that the one Released Mercon D&O that is a U.S. citizen has significant personal financial issues and is living in Guatemala.

5

against these individuals would not justify the pursuit, and the Debtors would be unlikely to recover any additional amounts in the absence of the proffered releases.[7]

### Support for the Debtors' Position

13.     It is important to note that the Debtor is not the only party that supports the instant releases. These limitations on liability—in their current form—were the product of months of negotiation with all parties with any interest in the proceeds of the Debtors' potential claims, including Creditors' Committee, and Coöperative Rabobank U.A., New York Branch, as administrative agent under the Debtors' Prepetition First Lien Credit Agreement.

14.     In the Debtors' negotiations with these parties, we agreed to preserve those claims most likely to be actionable or collectible, including those claims against (i) any accountant that provided services to any of the Debtors or any of the Debtors' current or former Affiliates; (ii) any current and former equity holder of any of the Debtors or any of the Debtors' current or former Affiliates; (iii) any Released Mercon D&O for any claims (of any nature) up to the limit of the applicable D&O Policies; and (iv) any Released Mercon D&O for any claims based on acts or omissions that constitute fraud, gross negligence, or willful misconduct.

15.     These were arm's length negotiations. And the result was deemed by all parties to these negotiations to provide the best balance between preserving potential claims; avoiding complex, protracted, and costly litigation and enforcement proceedings; and providing significant and tangible benefits to the Debtors' estates. Importantly, every major creditor group with any interest in the pursuit of these claims—each a sophisticated party, and each represented by competent and experienced counsel—supported this result.

---

[7] The Released Mercon D&Os who fall into this category include Nos. 1, 2, 3, 5, 6, 11, 13, 14, 15, 16, 17, 18, and 19 on Exhibit A hereto.

6

## Conclusion

16. I have considered the effect of the limitation on personal liability being extended to the Released Mercon D&Os in light of the relative chances of recovery and the economic benefits to the Debtors' estates. Based on my experience, taking into account the facts cited herein and in my previous Declaration, it is the Debtors' business judgment that the releases contained in Section 12.03 of the Plan are warranted and in the best interests of the Debtors' estates.

17. Based on my experience, I believe the Debtor Releases constitute a sound exercise of the Debtors' business judgment, are consistent with releases that are customary in transactions of this kind where no colorable claims against the Released Parties have been identified, are fair and reasonable, and are in the best interests of the Debtors and their estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: June 27, 2024

/s/ *Harve Light*
Harve Light, solely in his capacity as Chief Restructuring Officer

## Exhibit A

## Released Mercon D&Os

|  | Released Mercon Employee | Title | Category 1 No General Managerial Control | Category 2 Maximized Estate Assets | Category 3 No Economic Benefit to Pursuit |
|---|---|---|---|---|---|
| 1. | Adolfo José Lugo Chamorro | Director and Officer for Comercial Internacional Exportadora, S.A., Distribuidora de Granos de Nicaragua, Sociedad Anónima, and Mercapital de Nicaragua, S.A. | X |  | X |
| 2. | Aparicio Jesús Herrera Corrales | Director and Officer for Mercapital de Nicaragua, S.A. | X |  | X |
| 3. | Artur Ornelas Lourenco Gomes | Director for Mercon Brasil Comércio de Café Ltda. | X | X | X |
| 4. | Duncan Cole Frates | Director and Officer for Agro International Holding B.V., Comercial Internacional de Granos de Honduras, S.A. de C.V., Comercial Internacional Exportadora, S.A., Distribuidora de Granos de Nicaragua, Sociedad Anónima, Mercafe Vietnam LTD., Mercapital de Nicaragua, S.A., Mercon Coffee Corporation, and Mercon Guatemala, S.A. |  | X |  |
| 5. | Félix Antonio Carranza Leiva | Director and Officer for Mercapital de Nicaragua, S.A. | X |  | X |
| 6. | José Antonio Baltodano Cabrera | Director and Officer for Agro International Holding B.V., Mercon Coffee Corporation, and Cisa Export S.A. |  |  | X |
| 7. | Juan Pablo Ibarra | Director and Officer for Mercon Coffee Corporation |  | X |  |

|   | **Released Mercon Employee** | **Title** | **Category 1** <br> **No General Managerial Control** | **Category 2** <br> **Maximized Estate Assets** | **Category 3** <br> **No Economic Benefit to Pursuit** |
|---|---|---|---|---|---|
| 8. | Luis Alberto Chamorro Baltodano | Director and Officer for Agro International Holding B.V., Comercial Internacional de Granos de Honduras, S.A. de C.V., Comercial Internacional Exportadora, S.A., Distribuidora de Granos de Nicaragua, Sociedad Anónima, Mercafe Vietnam LTD., Mercapital de Nicaragua, S.A., Mercon Coffee Corporation, Mercon Guatemala, S.A., and Cisa Export S.A. |  | X |  |
| 9. | Óscar Ignacio Sevilla Baltodano | Director and Officer for Mercon Coffee Corporation |  | X |  |
| 10. | Sina Stemmler Genannt Parchen | Director and Officer for Mercon B.V. | X | X |  |
| 11. | Gerardo José Baltodano Cantarero | Director and Officer for Agro International Holding B.V. |  |  | X |
| 12. | John Dennis Gibbons | Director and Officer for Agro International Holding B.V., Comercial Internacional de Granos de Honduras, S.A. de C.V., Comercial Internacional Exportadora, S.A., Mercafe Vietnam LTD., Mercon B.V., Mercon Coffee Corporation, and Mercon Guatemala, S.A. |  | X |  |
| 13. | Mauricio José Chamorro Vargas | Director and Officer for Comercial Internacional de Granos de Honduras, S.A. de C.V. |  |  | X |
| 14. | Álvaro Gustavo Lacayo Navarro | Director and Officer for Comercial Internacional de Granos de Honduras, S.A. de C.V. and Mercapital de Nicaragua, S.A. | X |  | X |

9

|    | Released Mercon Employee | Title | **Category 1** **No General Managerial Control** | **Category 2** **Maximized Estate Assets** | **Category 3** **No Economic Benefit to Pursuit** |
|---|---|---|---|---|---|
| 15. | Claudia del Carmen Pereira Reyes | Director and Officer for Comercial Internacional de Granos de Honduras, S.A. de C.V., Comercial Internacional Exportadora, S.A., Distribuidora de Granos de Nicaragua, Sociedad Anónima, and Mercon Guatemala, S.A. | X | X | X |
| 16. | Óscar Sevilla Langschwager | Director and Officer for Comercial Internacional Exportadora, S.A. and Distribuidora de Granos de Nicaragua, Sociedad Anónima | | | X |
| 17. | Leonardo Ramón Morales Somarriba | Director and Officer for Mercapital de Nicaragua, S.A. | | | X |
| 18. | Eduardo Rafael Baltodano | Director for Mercon B.V. | | | X |
| 19. | Luiz Guilherme Coelho | Director for Mercon Brasil Comércio de Café Ltda. | X | X | X |

10