Paul J. Keenan Jr. (admitted *pro hac vice*)
John R. Dodd (admitted *pro hac vice*)
Reginald Sainvil (admitted *pro hac vice*)
Baker & McKenzie LLP
1111 Brickell Avenue, 10th Floor
Miami, FL 33130
Telephone: 305-789-8900
Facsimile: 305-789-8953
Email: paul.keenan@bakermckenzie.com
       john.dodd@bakermckenzie.com
       reginald.sainvil@bakermckenzie.com

Blaire Cahn
Baker & McKenzie LLP
452 Fifth Avenue
New York, NY 10018
Telephone: 212-626-4100
Facsimile: 212-310-1600
Email: blaire.cahn@bakermckenzie.com

*Counsel for the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | Chapter 11 |
| MERCON COFFEE CORPORATION, *et al.*,[1] | Case No. 23-11945 (MEW) |
| Debtors. | Jointly Administered |

_____/

**NOTICE OF FILING PROPOSED ORDER CONFIRMING FOURTH AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION FOR MERCON COFFEE CORPORATION AND CERTAIN AFFILIATED DEBTORS**

**PLEASE TAKE NOTICE THAT**, on May 22, 2024, the above-captioned debtors and

debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), filed

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: Mercon Coffee Corporation (1844); Mercon B.V. (N/A); Mercon Brasil Comércio de Café Ltda. (N/A); Agro International Holding B.V. (N/A); Mercapital de Nicaragua, S.A. (N/A); Distribuidora de Granos de Nicaragua S.A. (N/A); Cisa Export S.A. (N/A); Comercial Internacional de Granos de Honduras, S.A. de C.V. (N/A); Mercon Guatemala, S.A. (N/A); Comercial Internacional Exportadora, S.A. (N/A). The Debtors' mailing address is: 999 Ponce de Leon Blvd, Suite 910, Coral Gables, FL 33134.

the *Fourth Amended Joint Chapter 11 Plan of Liquidation for Mercon Coffee Corporation and Certain Affiliated Debtors* [Doc. No. 514] (as may be amended, modified, or supplemented from time to time, the "**Plan**").

**PLEASE TAKE FURTHER NOTICE** that annexed hereto as **Exhibit A** is the Debtors' proposed *Findings of Fact, Conclusions of Law, and Order Confirming Fourth Amended Joint Chapter 11 Plan of Liquidation for Mercon Coffee Corporation and Certain Affiliated Debtors* (the "**Proposed Confirmation Order**").

**PLEASE TAKE FURTHER NOTICE** that the hearing to consider confirmation of the Plan will be held on **June 28, 2024 at 11:00 a.m. (prevailing Eastern Time)** (the "**Confirmation Hearing**"), before the Honorable Michael E. Wiles, United States Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of New York.

**PLEASE TAKE FURTHER NOTICE** that the Debtors reserve the right to amend, revise, modify, or supplement the Proposed Confirmation Order prior to, at, or as a result of the Confirmation Hearing.

*[Remainder of page intentionally left blank]*

Dated: June 27, 2024

**BAKER & McKENZIE LLP**

By: /s/ *Reginald Sainvil*
    Paul J. Keenan Jr. (admitted *pro hac vice*)
    John R. Dodd (admitted *pro hac vice*)
    Reginald Sainvil (admitted *pro hac vice*)
    1111 Brickell Avenue, 10th Floor
    Miami, FL 33131
    Telephone: 305-789-8900
    Facsimile: 305-789-8953
    Email: paul.keenan@bakermckenzie.com
        john.dodd@bakermckenzie.com
        reginald.sainvil@bakermckenzie.com

    Blaire Cahn
    452 Fifth Avenue
    New York, NY 10018
    Telephone: 212-626-4100
    Facsimile: 212-310-1600
    Email: blaire.cahn@bakermckenzie.com

    *Counsel for the Debtors and Debtors-in-Possession*

## **Exhibit A**

Proposed Confirmation Order

(Attached)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* | Chapter 11 |
| MERCON COFFEE CORPORATION, *et al.*[1] | Case No. 23-11945 (MEW) |
| Debtors. | Jointly Administered |

_____/

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER
CONFIRMING FOURTH AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION
FOR MERCON COFFEE CORPORATION AND CERTAIN AFFILIATED DEBTORS**

**WHEREAS**, upon the request of Mercon Coffee Corporation and certain affiliated debtors

and debtors-in-possession (each, a "**Debtor**" and collectively, the "**Debtors**") in the above-

captioned chapter 11 cases (the "**Chapter 11 Cases**"), this matter came before the Court for a

hearing on June 28, 2024, at 11:00 a.m. (the "**Confirmation Hearing**"), upon consideration of:

- the *Fourth Amended Joint Chapter 11 Plan of Liquidation for Mercon Coffee Corporation and Certain Affiliated Debtors,* dated May 22, 2024 and attached as Exhibit A to this Confirmation Order (as may be further amended, modified or supplemented, the "**Plan**")[2] [Doc. No. 516];

- the *Fourth Amended Disclosure Statement for Fourth Amended Joint Chapter 11 Plan of Liquidation for Mercon Coffee Corporation and Certain Affiliated Debtors,* dated May 22, 2024 (the "**Disclosure Statement**");

- the *Notice of Filing Plan Supplement to the Fourth Amended Joint Chapter 11 Plan of Liquidation for Mercon Coffee Corporation and Certain Affiliated Debtors* filed on June 13, 2024 [Doc. No. 515]; and *Notice of Filing Second Plan Supplement to the Fourth Amended Joint Chapter 11 Plan of Liquidation for Mercon Coffee Corporation and Certain Affiliated Debtors* filed on June 17, 2024 [Doc. No. 607] ; and *Notice of Filing Third Plan Supplement to the Fourth Amended Joint Chapter 11 Plan of*

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, if applicable, are: Mercon Coffee Corporation (1844); Mercon B.V. (N/A); Mercon Brasil Comércio de Café Ltda. (N/A); Agro International Holding B.V. (N/A); Mercapital de Nicaragua, S.A. (N/A); Distribuidora de Granos de Nicaragua S.A. (N/A); Cisa Export S.A. (N/A); Comercial Internacional de Granos de Honduras, S.A. de C.V. (N/A); Mercon Guatemala, S.A. (N/A); Comercial Internacional Exportadora, S.A. (N/A). The Debtors' mailing address is: 999 Ponce de Leon Blvd, Suite 910, Coral Gables, FL 33134.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Plan. Any capitalized term not defined in the Plan or this Confirmation Order, but used in the Bankruptcy Code the Bankruptcy Rules, shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules.

*Liquidation for Mercon Coffee Corporation and Certain Affiliated Debtors* filed on June 27, 2024 [Doc. No. ___] (together, the "**Plan Supplement**");

- the *Order (I) Scheduling a Plan Confirmation Hearing, (II) Approving the Disclosure Statement, (III) Establishing Plan Solicitation, Voting and Tabulation Procedures, (IV) Approving Forms of Notices and Ballots, and (V) Granting Related Relief* [Doc. No. 521] (the "**Disclosure Statement Order**");

- the *Declaration of Stanislav Kessler of Kroll Restructuring Administration LLC Regarding the Solicitation of Votes and Tabulation of Ballots Cast of the Fourth Amended Joint Chapter 11 Plan of Liquidation for Mercon Coffee Corporation and Certain Affiliated Debtors* [Doc No. 629] (the "**Voting Certification**");

- *Certificate of Publication of the Notice of (I) Approval of Disclosure Statement, (II) Establishment of Voting Record Date, (III) Hearing on Confirmation of Plan, (IV) Procedures for Objecting to Confirmation of Plan; and (V) Solicitation, Voting, and Related Procedures for Plan* [Doc. No. 635] ("**Certificate of Publication**");

- the *Debtors' Memorandum of Law in Support of Confirmation of Debtors' Fourth Amended Joint Chapter 11 Plan of Liquidation for Mercon Coffee Corporation and Certain Affiliated Debtors* [Doc. No. 588] (the "**Confirmation Brief**");

- the *Declaration of Harve Light in Support of Confirmation of Fourth Amended Joint Chapter 11 Plan of Liquidation for Mercon Coffee Corporation and Certain Affiliated Debtors* [Doc. No. 589] (the **"Confirmation Declaration"**);

- *Supplemental Memorandum of Law in Support of Confirmation of Debtors' Fourth Amended Joint Chapter 11 Plan of Liquidation for Mercon Coffee Corporation and Certain Affiliated Debtors* [Doc. No. 638] ("**Supplemental Confirmation Brief**");

- *Supplemental Declaration of Harve Light in Support of Confirmation of Fourth Amended Joint Chapter 11 Plan of Liquidation for Mercon Coffee Corporation and Certain Affiliated Debtors* [Doc. No. 639] ("**Light Declaration**");

- *Further Supplemental Declaration of Harve Light in Support of Confirmation of Fourth Amended Joint Chapter 11 Plan of Liquidation for Mercon Coffee Corporation and Certain Affiliated Debtors* [Doc. No. 645] ("**Second Light Declaration**");

- all oral representations, arguments, fact and expert testimony, documents, filings, and evidence presented at or in connection with the Confirmation Hearing; and

- the entire record of the Debtors' Chapter 11 Cases, as to which the Court takes judicial notice.

**NOW, THEREFORE**, it appearing to the Court that notice of the Confirmation Hearing and the opportunity for any party in interest to object to Confirmation of the Plan have been good and sufficient, and the legal and factual bases set forth in the documents filed in support of Confirmation of the Plan, including but not limited to the Confirmation Declaration and the

Confirmation Brief, establish just cause for the relief granted herein, and after due deliberation thereon and good cause appearing therefor, the Court hereby FINDS, DETERMINES, AND CONCLUDES as follows:

### MODIFICATIONS TO THE PLAN

The following modifications and amendments to the Plan and its supporting documents hereby are deemed to have been made. All references herein to the Plan shall be interpreted as references to the Plan as modified by the following provisions.

A.    Article I, §1.124 of the Plan is deemed to have been revised to state:

"**Released Parties**" means collectively the following, in each case, (i) solely in their respective capacities as such, and (ii) subject to the release limitations in Sections 12.03 and 12.04 hereof, the Released Mercon D&Os, the attorneys of the Debtors, Riveron RTS, LLC, Riveron Consulting, LLC and any of such Riveron entities' Affiliates, and Harve Light, in his capacity as Chief Restructuring Officer or otherwise. For the avoidance of doubt, and notwithstanding any of the foregoing, (i) any accountant that provided services to any of the Debtors or any of the Debtors' current or former Affiliates is not a Released Party and (ii) any current and former equity holder of any of the Debtors or any of the Debtors' current or former Affiliates is not a Released Party.

B.    The following definition is deemed to have been added to the Plan:

"**Released Mercon D&Os**" means current or former directors or officers of the Debtors listed on Exhibit B attached hereto.

C.    The Plan contemplates a liquidation of the Debtors, and, in light of the liquidation, the Debtors are not entitled to a discharge of obligations pursuant to section 1141 of the Bankruptcy Code. Accordingly:

   i.    "Releasing Parties" (as defined in the Plan) have consented to the release provisions in Section 12.04 of the Plan and shall be bound thereby; and

   ii.    Any provisions of the Plan that state that payments are made in full, complete, or final satisfaction, settlement, and/or release of the underlying obligations shall not be applicable except as specified in subparagraph (i) above.

   iii.    Nothing in the modifications set forth in subparagraphs (i) and (ii) above is intended to foreclose an argument that as a matter of non-bankruptcy law

the payment, in full, of a claim or expense obligation constitutes a "satisfaction" of that claim or expense obligation.

D.      Notwithstanding anything to the contrary in the Plan, the Liquidating Trust Board shall consist of four (4) members, two of which shall be selected by the holders of Prepetition First Lien Claims and two of which shall be selected by representatives of the Creditors' Committee. Furthermore, notwithstanding anything to the contrary in the Plan, the Liquidating Trustee shall have authority to review and object to any compensation sought by a Professional in a final fee application to the extent such compensation exceeds the amounts in the budgets approved by the Secured Parties in connection with an order authorizing the use of cash collateral entered by the Court in these Chapter 11 Cases.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      <u>Findings and Conclusions</u>. The findings and conclusions set forth herein and on the record of the Confirmation Hearing constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      <u>Judicial Notice</u>. The Court takes judicial notice of (and deems admitted into evidence for Confirmation) the docket of the Chapter 11 Cases maintained by the Clerk of the Court or its duly-appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered, all hearing transcripts, and all evidence and argument made, proffered, or adduced at the hearings held before the Court during the pendency of the Chapter 11 Cases, including, but not limited to, the Confirmation Hearing.

C.      <u>Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a))</u>. The Court

has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. § 1334. Confirmation of the Plan

is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court has jurisdiction to enter a final

order with respect thereto. Venue is proper in this District and before the Court pursuant to 28

U.S.C. §§ 1408 and 1409. To the extent it is later determined that this Court, absent consent of the

parties, cannot enter a final judgment on this matter consistent with Article III of the United States

Constitution, the Debtors have consented to entry of a Final Order by this Court.

D.      <u>Chapter 11 Petitions</u>. On December 6, 2023, each Debtor filed a voluntary petition

for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued to operate their

businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code. No trustee or examiner has been appointed pursuant to section 1104

of the Bankruptcy Code. The Court has ordered joint administration of the Chapter 11 Cases

pursuant to Bankruptcy Rule 1015(b).

E.      <u>Creditors' Committee</u>. On December 21, 2023, the office of the United States

Trustee for Region 2 (the "**U.S. Trustee**") appointed the Official Committee of Unsecured

Creditors (the "**Creditors' Committee**") [Doc. No. 74].

F.      <u>Eligibility for Relief</u>. The Debtors were, and are, entities eligible for relief under

section 109 of the Bankruptcy Code.

G.      <u>Burden of Proof</u>. Based on the record of these Chapter 11 Cases, including as set

forth in the Confirmation Declaration and the Voting Certification, each Debtor has met the burden

of proving each applicable element of, and the Plan satisfies the requirements for confirmation set

forth in, section 1129 of the Bankruptcy Code, including all other sections of the Bankruptcy Code

referenced therein, by a preponderance of the evidence.

H.    <u>Voting</u>. As evidenced by the Voting Certification, votes to accept or reject the Plan have been solicited by the Debtors after disclosure of "adequate information" as defined in section 1125 of the Bankruptcy Code and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), and applicable non-bankruptcy law.

I.    <u>Tabulation</u>. All procedures used to tabulate Ballots were fair, reasonable, and conducted in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Disclosure Statement Order.

J.    <u>Transmittal and Mailing of Materials; Notice and Solicitation</u>.

(i)    The Disclosure Statement, the Ballots, and the Confirmation Hearing Notice were transmitted and served in compliance with the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, the Local Rules, and the Disclosure Statement Order.

(ii)    The forms of the Ballots adequately addressed the particular needs of these Chapter 11 Cases, were appropriate for Holders of Claims in the Classes entitled to vote on the Plan (collectively, the "**Voting Classes**"), and complied with applicable law. The period during which the Debtors solicited acceptances to the Plan was a reasonable period of time for Holders of Claims in the Voting Classes to make an informed decision to accept or reject the Plan.

(iii)    The Solicitation Package (as defined in the Disclosure Statement Order) was transmitted and served in compliance with the Disclosure Statement Order, the Bankruptcy Code, and the Bankruptcy Rules, and such transmittal and service was adequate and sufficient, and no other or further notice is or shall be required. All Holders of Claims and Equity Interests, and all other parties in interest, were duly given notice of, and had a full and fair opportunity to be

heard in connection with, Confirmation of the Plan, pursuant to and in satisfaction of the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

(iv)    The solicitation of votes on the Plan complied with the Disclosure Statement Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, was conducted in good faith, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and any other applicable rules, laws and regulations. The Debtors and each of their respective successors, predecessors, control persons, members, officers, directors, employees, and agents and each of their respective attorneys, financial advisors, investment bankers, accountants, and other professionals retained by such persons, and any and all affiliates, members, managers, shareholders, partners, employees, attorneys, and advisors of the foregoing acted in good faith and are entitled to all protections provided by section 1125(e) of the Bankruptcy Code.

K.    Notice. All parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to confirmation of the Plan) have been given due, proper, timely, and adequate notice in accordance with the Disclosure Statement Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable non-bankruptcy law and such parties have had an opportunity to appear and be heard with respect thereto. No other or further notice is required.

L.    Plan Supplement. All materials included in the Plan Supplement comply with the terms of the Plan, and the filing and notice of such documents is good and proper in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and no other or further notice is or shall be required.

M. <u>Liquidating Trust</u>. The establishment of the Liquidating Trust, appointment of the Liquidating Trustee, the formation of the Liquidating Trust Board, vesting of the Liquidating Trust Assets in the Liquidating Trust and authorization to make Distributions of the proceeds thereof, and authorization of the Liquidating Trustee to accept and make Distributions are essential elements of the Plan. Entry into the Liquidating Trust Agreement is in the best interests of the Debtors, the Estates, and the beneficiaries of the Liquidating Trust. The establishment of the Liquidating Trust, the selection of the Liquidating Trustee, the form of the proposed Liquidating Trust Agreement, as the same may subsequently be amended or modified, are appropriate and in the best interests of the beneficiaries of the Liquidating Trust. The Liquidating Trust Agreement, shall, upon execution, be valid, binding and enforceable in accordance with its terms as of the Effective Date of the Plan. The (i) vesting in the Liquidating Trust of the Liquidating Trust Assets in accordance with the Liquidating Trust Agreement and (ii) authorization of the Liquidating Trustee to accept and make Distributions, each as specified in the Plan, is a material component of the Plan, and nothing in this Confirmation Order, the Plan, or the Disclosure Statement shall be deemed or construed to prejudice or preclude the full assertion of such rights.

### THE PLAN COMPLIES WITH THE
### <u>REQUIREMENTS OF SECTION 1129 OF THE BANKRUPTCY CODE</u>

N. <u>Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1)).</u> The Plan complies with the applicable provisions of the Bankruptcy Code. In particular, the Plan complies with the requirements of sections 1122 and 1123 of the Bankruptcy Code as follows:

(i) <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)).</u> In addition to Administrative Claims, Professional Fee Claims, Priority Tax Claims, and U.S. Trustee Fee Claims, which need not be classified, the Plan classifies seven (7) Classes of Claims[3] and one (1)

---

[3] Class 2 has a sub-Class (2A) and Class 4 has two separate sub-Classes (4A-4B).

Class of Equity Interests for the Debtors. The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Equity Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons (including requirements under applicable foreign law) exist for separately classifying the various Classes of Claims and Equity Interests created under the Plan, and such classification does not unfairly discriminate between holders of Claims and Equity Interests. Therefore, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

(ii)    Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2)). Article II of the Plan specifies that Class 2 Claims (Other Secured Claims), and Class 3 Claims (Other Priority Claims) are Unimpaired under the Plan within the meaning of section 1124 of the Bankruptcy Code, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

(iii)    Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)). Article III of the Plan designates Claims and Interests in Class 1 (Prepetition First Lien Claims), Class 2A (FMO Claims), Class 4A (General Unsecured Claims), Class 4B (Dutch Law SME Claims), and Class 5 (Convenience Claims) as Impaired within the meaning of section 1124 of the Bankruptcy Code and specifies the treatment of the Claims in those Classes. Article III of the Plan further designates Classes 6 through 8 as Impaired and not entitled to receive or retain any property on account of such Claims and Interests in those Classes. Accordingly, section 1123(a)(3) of the Bankruptcy Code is satisfied.

(iv)    No Discrimination (11 U.S.C. § 1123(a)(4)). The Plan provides for the same treatment by the Debtors for each Claim or Equity Interest in each respective Class unless the Holder of a particular Claim or Equity Interest has agreed to or elected a less favorable or different

treatment of such Claim or Equity Interest. Therefore, the requirements of section 1123(a)(4) of the Bankruptcy Code have been satisfied.

(v)    Implementation of the Plan (11 U.S.C. § 1123(a)(5)). The Plan and the various documents and agreements set forth in the Plan Supplement satisfy section 1123(a)(5) of the Bankruptcy Code. There is adequate and proper means for the implementation of the Plan, including the provisions regarding the appointment of a Liquidating Trustee, establishment of the Liquidating Trust, liquidation of the Debtors' remaining assets, and funding of the Plan.

(vi)    Non-Voting Equity Securities / Allocation of Voting Power (11 U.S.C. §1123(a)(6)). In accordance with section 1123(a)(6) of the Bankruptcy Code and applicable foreign law, all Equity Interests in the Debtors shall be cancelled and the Debtors' corporate entities shall be wound down. Therefore section 1123(a)(6) of the Bankruptcy Code is inapplicable to these Chapter 11 Cases.

(vii)    Designation of Directors and Officers (11 U.S.C. § 1123(a)(7)). The Plan is a plan of liquidation and, on the Effective Date, each of the Debtors' existing officers and directors will be dismissed except as provided in Section 6.07 with respect to Mercon B.V.'s managing director. The Assets of the Debtors shall vest in the Liquidating Trust, which will be administered by the Liquidating Trustee. On the Effective Date, the Liquidating Trust Board shall be formed, which shall have access to and the right to consult with the Liquidating Trustee in connection with the implementation of the Plan and the administration of the Liquidating Trust. The Liquidating Trustee and the Liquidating Trust Board were selected pursuant to the Plan and Liquidating Trust Agreement. The selection of the Liquidating Trustee and the appointment of the Liquidating Trust Board are consistent with the interests of creditors, equity security holders, and public policy, thereby satisfying section 1123(a)(7) of the Bankruptcy Code.

(viii)    Impairment/Absence of Impairment of Classes of Claims and Equity
Interests (11 U.S.C. § 1123(b)(1)). Pursuant to Articles II and III of the Plan, the following Classes
of Claims and Equity Interests are Impaired under the Plan, as permitted by section 1123(b)(1) of
the Bankruptcy Code: Classes 1 (Prepetition First Lien Claims), 2A (FMO Claims), 4A (General
Unsecured Claims), 4B (Dutch Law SME Claims), 5 (Convenience Claims), 6 (Intercompany
Claims), 7 (Subordinated Claims), and 8 (Equity Interests in the Debtors). Pursuant to Articles II
and III of the Plan, the following Classes of Claims and Equity Interests are Unimpaired, as
contemplated by section 1123(b)(1) of the Bankruptcy Code: Class 2 Claims (Other Secured
Claims), and Class 3 Claims (Other Priority Claims).

(ix)    Assumption and Rejection (11 U.S.C. § 1123(b)(2)). Article VII of the Plan
provides, except as otherwise provided in the Plan or the Supplement, for the rejection of the
Debtors' executory contracts and unexpired leases that have not been previously assumed,
assumed and assigned, or rejected pursuant to section 365 of the Bankruptcy Code and orders of
the Court.

(x)    Settlement or Adjustment Claims or Interests (11 U.S.C. § 1123(b)(3)(A)).
The settlements and compromises under the Plan are a valid exercise of the Debtors' business
judgment, and are fair, reasonable and in the best interests of the Debtors' Estates.

(xi)    Retention and Enforcement (11 U.S.C. § 1123(b)(3)(B)). The retention of
the authority for entry of orders in aid of compromise and settlement, including under Section 5.02
of the Plan, is appropriate and consistent with the provisions of the Bankruptcy Code, is fair and
equitable, and is in the best interests of the Debtors and their Estates.

(xii)    Additional Plan Provisions (11 U.S.C. § 1123(b)(6)). The provisions of the
Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby

satisfying section 1123(b)(6) of the Bankruptcy Code. The failure to specifically address a provision of the Bankruptcy Code in this Confirmation Order shall not diminish or impair the effectiveness of this Confirmation Order.

(xiii)    Cure of Defaults (11 U.S.C. § 1123(d)). Article VII of the Plan provides for the satisfaction of default claims, if any, associated with each executory contract and unexpired lease to be assumed pursuant to the Plan in accordance with section 365(b)(1) of the Bankruptcy Code. To the extent any cure amounts exist, all cure amounts will be determined in accordance with the underlying agreements and applicable bankruptcy and non-bankruptcy law. Thus, the Plan complies with section 1123(d) of the Bankruptcy Code.

N.    Compliance with the Bankruptcy Code (11 U.S.C. §1129(a)(2)). The Debtors have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code. In particular, the Plan complies with the Bankruptcy Code as follows:

(i)    Each of the Debtors is eligible to be a debtor under section 109 of the Bankruptcy Code; and

(ii)    The Debtors have complied with the applicable provisions of the Bankruptcy Code, including sections 1125 and 1126(b), the Bankruptcy Rules, the Local Rules, applicable non-bankruptcy law, the Disclosure Statement Order, and all other applicable law, in transmitting the Plan, the Plan Supplement, the Disclosure Statement, and the Ballots and related documents and notices, and in soliciting and tabulating the votes on the Plan.

O.    Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)). The Debtors have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. The Debtors' good faith is evident from the facts and record of these

Chapter 11 Cases. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtors' Estates. The Plan, including the settlements referenced in the Plan, and all documents necessary to effectuate the Plan were negotiated at arms' length. Further, the Plan's classification, indemnification, exculpation, release, and injunction provisions have been negotiated in good faith and at arms' length, are consistent with sections 105, 1122, 1123(b)(3)(A), 1123(b)(6), 1125(e), 1129, and 1142 of the Bankruptcy Code, and are each necessary for the Debtors' successful liquidation.

P.      Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).

Payments have been made to the Estates' retained professionals for services rendered after the Petition Date on a regular basis, and all payments to such professionals for services rendered through the Effective Date are subject to the approval of this Court pursuant to the terms of the orders authorizing the retention of the Estates' professionals and the Plan, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

Q.      Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)). The Debtors have complied with section 1129(a)(5) of the Bankruptcy Code. On the Effective Date, except as provided in Section 6.07 of the Plan, the Debtors will not have directors and officers.  In accordance with the provisions of the Plan, on the Effective Date, the Liquidating Trust shall be established, along with the Liquidating Trust Board. The Liquidating Trust Board shall have access to and the right to consult with the Liquidating Trustee in connection with the implementation of the Plan and administration of the Liquidating Trust on and after the Effective Date. Appointment of the Liquidating Trustee is critical to achieving a successful wind down of these Chapter 11 Cases through the operation of the Liquidating Trust. As such, the appointment of the Liquidating

Trustee is consistent with the interests of the Debtors' creditors and with public policy and section

1129(a)(5) of the Bankruptcy Code is satisfied.

R.    No Rate Changes (11 U.S.C. § 1129(a)(6)). Section 1129(a)(6) of the Bankruptcy

Code is not applicable in these Chapter 11 Cases. The Plan does not provide for rate changes by

any of the Debtors.

S.    Best Interest of Creditors (11 U.S.C. § 1129(a)(7)). If the Chapter 11 Cases were

converted to cases under chapter 7 of the Bankruptcy Code, the value of distributions from the

chapter 7 cases would be less than the value of Distributions under the Plan because, among other

things, the Debtors would incur the additional costs and expenses of a chapter 7 trustee and other

professional fees relating to the chapter 7 cases. The analysis provided in the Confirmation Brief

and other evidence proffered or adduced at the Confirmation Hearing, (i) is persuasive and

credible, (ii) has not been controverted by other evidence, and (iii) establishes that the Holders of

Claims and Equity Interests, who are Impaired under the Plan, will receive under the Plan on

account of such Claims and Equity Interests property of a value, as of the Effective Date, that is

not less than the amount that such Holder would so receive if the Debtors were liquidated under

chapter 7 of the Bankruptcy Code on the Effective Date. Recoveries pursuant to the Plan are equal

to or in excess of those that would be available if the Debtors were liquidated pursuant to chapter

7, and, therefore, the Plan satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code.

T.    Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).

As set forth in the Voting Certification, each Class of Impaired Claims that is entitled to

vote on the Plan has accepted the Plan. However, Classes 6 (Intercompany Claims), 7

(Subordinated Claims), and 8 (Equity Interests in the Debtors) are Impaired by the Plan and are

not entitled to receive or retain any property under the Plan and, therefore, are deemed to have

14

rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. In addition, Class 2A (FMO

Claims) abstained from voting and thereby did not accept the Plan. Notwithstanding the fact that

the Plan does not satisfy section 1129(a)(8) of the Bankruptcy Code with respect to Class 2A (FMO

Claims), Class 6 (Intercompany Claims), Class 7 (Subordinated Claims), and Class 8 (Equity

Interests in the Debtors), the Plan may be confirmed because it satisfies sections 1129(a)(10) and

1129(b)(1) of the Bankruptcy Code. For the foregoing reasons, the Plan satisfies section 1129(a)(8)

of the Bankruptcy Code.

U.    Treatment of Administrative Claims, Priority Tax Claims, and Other Priority

Claims (11 U.S.C. § 1129(a)(9)). The treatment of Allowed Administrative Claims pursuant to

Article III of the Plan satisfies the requirements of section 1129(a)(9)(A) of the Bankruptcy Code.

The treatment of Other Priority Claims pursuant to Article III of the Plan satisfies the requirements

of section 1129(a)(9)(B) of the Bankruptcy Code. The treatment of Priority Tax Claims pursuant

to Article III of the Plan satisfies the requirements of section 1129(a)(9)(C) of the Bankruptcy

Code.

V.    Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10)). Multiple voting Classes

– Classes 1 (Prepetition First Lien Claims), 4A (General Unsecured Claims), 4B (Dutch Law SME

Claims), and 5 (Convenience Claims) – have affirmatively accepted the Plan, without including

the acceptance of the Plan by insiders in such Classes. Therefore, section 1129(a)(10) of the

Bankruptcy Code is satisfied.

W.    Feasibility (11 U.S.C. § 1129(a)(11)). The Debtors have established by a

preponderance of the evidence that Confirmation of the Plan is not likely to be followed by the

liquidation (other than liquidation as set forth in the Plan) or the need for further financial

reorganization of the Debtors, as the Plan effectuates the liquidation and dissolution of the Debtors

through the terms of the Plan and the Liquidating Trust. The Plan, therefore, satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.

X.      Payment of Fees (11 U.S.C. § 1129(a)(12)). All fees currently payable under section 1930 of title 28, United States Code, as determined by the Bankruptcy Code, have been or will be paid on or before the Effective Date pursuant to Article III of the Plan. Therefore, the Plan satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code.

Y.      Continuation of Retiree Benefits; Domestic Support Obligations; Debtors As Individuals; Applicable Non-bankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(13 - 16). Sections 1129(a)(13) through (16) are not applicable to the Debtors in these Chapter 11 Cases.

Z.      No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b)). Holders of Claims and Interests in, as applicable, Classes  6 (Intercompany Claims), 7 (Subordinated Claims), and 8 (Equity Interests in the Debtors) are deemed to have rejected the Plan. Further, Holders of Claims in Class 2A(FMO Claims) did not vote on the Plan and therefore did not accept the Plan. Notwithstanding the foregoing, the Plan satisfies the requirements of section 1129(b) of the Bankruptcy Code and, accordingly, can be confirmed. Based upon the Confirmation Brief, the Confirmation Declaration, and the evidence proffered, adduced, and presented by the Debtors at the Confirmation Hearing, the Plan does not discriminate unfairly and is fair and equitable with respect to the aforementioned Classes, as required by sections 1129(b)(1) and (b)(2) of the Bankruptcy Code.

AA.      Only One Plan (11 U.S.C. § 1129(c)). The Plan is the only plan filed in each of these Chapter 11 Cases, and accordingly, section 1129(c) of the Bankruptcy Code is inapplicable in these Chapter 11 Cases.

BB.    <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933. The Plan, therefore, satisfies the requirements of section 1129(d) of the Bankruptcy Code.

CC.    <u>Satisfaction of Conditions Precedent</u>. Upon the entry of this Confirmation Order, each condition precedent to the Confirmation of the Plan, as set forth in Article XIII of the Plan, shall have been satisfied or waived as provided in the Plan. Furthermore, each condition precedent to occurrence of the Effective Date, as set forth in Article XIII of the Plan, has been satisfied or waived, as provided in Article XIII of the Plan, or is reasonably likely to be satisfied or waived.

DD.    <u>Satisfaction of Confirmation Requirements</u>. Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

EE.    <u>Debtor Release</u>. The releases of claims and Causes of Action by the Debtors described in Section 12.03 of the Plan, in accordance with section 1123(b) of the Bankruptcy Code (the "**Debtor Release**"), represent a valid exercise of the Debtors' business judgment under Bankruptcy Rule 9019. The Debtor Release is fair and equitable. The Debtor Release is a result of an arm's length negotiation process before and after the Petition Date by sophisticated parties represented by able counsel and financial advisors. The Released Parties under the Plan made significant concessions and contributions to the Chapter 11 Cases, and the Debtor Release in favor of the Released Parties is fair and appropriate. The scope of the Debtor Release is appropriate in light of the facts and circumstances of the Chapter 11 Cases.

FF.    <u>Third-Party Release</u>. The releases by the Releasing Parties (the "**Third-Party Release**"), set forth in Section 12.04 of the Plan, are fully consensual, were made after full disclosure of the terms of the releases, and were given and made after due notice and opportunity

for a hearing. Accordingly, they are consistent with sections 105, 524, 1123, 1129, and 1141 and other applicable provisions of the Bankruptcy Code and are enforceable in accordance with their terms. For the avoidance of doubt, any party that did not affirmatively "opt in" to the Third-Party Releases contained in the Plan shall not be deemed to grant such Third-Party Releases contained in the Plan.

GG.    <u>Injunctions and Exculpations</u>. The Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the injunctions and exculpations set forth in Article XII of the Plan. Section 105(a) of the Bankruptcy Code permits issuance of the injunctions and exculpations if, as has been established here based upon the record in the Chapter 11 Cases and the evidence presented at the Confirmation Hearing, such provisions (i) are essential and necessary to the formulation and implementation of the Plan, as provided in section 1123 of the Bankruptcy Code, (ii) confer substantial benefits on the Debtors' Estates, (iii) are fair, equitable and reasonable, and (iv) are in the best interests of the Debtors, their Estates, and parties in interest. Pursuant to section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the exculpations and injunctions set forth in the Plan and implemented by this Confirmation Order are fair, equitable, reasonable, and in the best interests of the Debtors, their Estates, and the Holders of Claims and Equity Interests.

The Solicitation Package provided to creditors in those Classes entitled to vote, included a detailed description of the exculpations. The Holders of Claims and Equity Interests were, thus, provided with adequate notice and a full and fair opportunity to oppose the exculpations. The exculpations of non-Debtors under the Plan are fair to Holders of Claims and Equity Interests and are necessary to the Plan, thereby satisfying the requirements of applicable case law. In addition, with respect to those parties who voted to accept the Plan or are presumed to have voted for the

Plan under section 1126(f) of the Bankruptcy Code, such parties are deemed to have consented to the exculpations in Article XII of the Plan. The record of the Confirmation Hearing and these Chapter 11 Cases is sufficient to support the exculpations and injunctions provided for in Article XII of the Plan. The failure to implement the injunctions and exculpations would seriously impair the Debtors' ability to confirm the Plan and would present risk to the prospects for near-term Distributions to Holders of Allowed Claims.

HH.    _The Plan Represents a Settlement_. Except as otherwise provided in the Plan and this Confirmation Order, the Plan shall, on the Effective Date, constitute a compromise and settlement of all claims and controversies relating to the rights that a Holder of a Claim or an Equity Interest may have against any Debtor with respect to any Claim, Equity Interest, or any Distribution on account thereof, as well as of all potential Intercompany Claims and Causes of Action against any Debtor (other than the Liquidating Trust's ability to prosecute objections to Claims and other retained causes of action to the extent preserved under the Plan including those on the Retained Causes of Action Schedule).

II.    _Retention of Authority for Entry of Orders in Aid of Settlement_. The retention of the authority for entry of orders in aid of compromise and settlement, including under Section 5.02 of the Plan, is appropriate and consistent with the provisions of the Bankruptcy Code, is fair and equitable, and is in the best interests of the Debtors and their Estates.

JJ.    _Good Faith_. The Debtors will be acting in good faith in proceeding to consummate the Plan and the agreements, settlements, transactions, and transfers contemplated thereby and take the actions authorized and directed by this Confirmation Order.

KK.    _Retention of Jurisdiction_. The Court may properly, and upon the Effective Date shall, retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11

Cases, including the matters set forth in Article XI of the Plan and section 1142 of the Bankruptcy Code.

## ORDER CONFIRMING JOINT CHAPTER 11 PLAN OF LIQUIDATION

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    Confirmation of the Plan. The Plan is hereby **CONFIRMED** under section 1129 of the Bankruptcy Code. A copy of the Plan is attached as **Exhibit "A"** to this Confirmation Order. The documents contained in the Plan Supplement are hereby authorized and approved. The terms of the Plan, including the Plan Supplement, are incorporated by reference into and are an integral part of this Confirmation Order.

2.    Objections. All objections, responses, reservations, statements, and comments in opposition to the Plan, other than those resolved, adjourned, or withdrawn with prejudice prior to, or on the record at, the Confirmation Hearing are overruled on the merits in all respects. All withdrawn objections, if any, are deemed withdrawn with prejudice. All objections to Confirmation not filed and served prior to the deadline for filing objections to the Plan set forth in the Confirmation Hearing Notice, if any, are deemed waived and shall not be considered by the Court.

3.    Omissions of Reference to Particular Plan Provisions. The failure to specifically describe or include any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, and such provision shall have the same validity, binding effects, and enforceability as every other provision of the Plan.

4.    Deemed Acceptance of the Plan as Modified. In accordance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all Holders of Claims who voted to accept the Plan or who are conclusively presumed to have accepted the Plan are presumed to accept the Plan,

as modified. No Holder of a Claim or Interest shall be permitted to change its vote as a consequence

of the Plan or Plan Supplement modifications. All modifications to the Plan or Plan Supplement

made after the Voting Deadline are hereby approved, pursuant to section 1127 of the Bankruptcy

Code and Bankruptcy Rule 3019.

5.      Liquidating Trust Agreement. The Liquidating Trust Agreement is **APPROVED**

in all respects. The Debtors and the Liquidating Trustee are hereby directed to execute the

Liquidating Trust Agreement.

6.      Appointment of Liquidating Trustee. In accordance with the Plan and terms of the

Liquidating Trust Agreement, the appointment of the Liquidating Trustee is **APPROVED.**

7.      Appointment of Liquidating Trust Board. The selection of the members of the

Liquidating Trust Board is **APPROVED**.

8.      Implementation.

(a)      All documents necessary to implement the Plan and any and all other

transactions contemplated by the Plan, including but not limited to the Liquidating Trust

Agreement, are hereby approved, and shall, upon execution, be deemed valid, binding, and

enforceable agreements, entered into for good and valuable consideration, including the benefits

of the Plan, and not be in conflict with any federal or state law. The Debtors and the Liquidating

Trustee, subject to the terms of the Plan and Liquidating Trust Agreement, are hereby authorized,

empowered and directed forthwith to take any and all actions necessary to implement the Plan,

including to negotiate and execute any and all of the documents and agreements necessary to

implement the Plan, and to execute, deliver and file (as appropriate) all documents and agreements

and take all actions provided in or contemplated by any of the same to accomplish the intent of

same, including, without limitation, any modifications consistent with the terms of the Plan and

any actions required by Article XIII of the Plan to effectuate and consummate the Plan. All such

actions taken or caused to be taken shall be deemed effective pursuant to applicable law and

without the need for any required approvals, authorizations or consents, except as provided in the

Plan or Liquidating Trust Agreement, and any or all of such documents and agreements may be

filed with each of the respective state filing offices and recorded in accordance with applicable

state law and shall become effective in accordance with their terms and the provisions of state law.

(b)      As provided for under the Plan as modified by this Confirmation Order and

without in any way limiting the provisions of the Plan:

(i)      After the Effective Date, the Liquidating Trustee is hereby

authorized to use and dispose of property and settle and compromise Claims or Equity Interests

without the supervision of this Court, subject to the terms of the Plan and the Liquidating Trust

Agreement, and all documents and exhibits thereto.

(ii)      The Debtors and Liquidating Trustee, as applicable, are hereby

authorized to, but are not required to, set off against any Claim or any Allowed Claim, and the

payments or other Distributions to be made pursuant to the Plan in respect of such Claim, claims

of any nature whatsoever that the Debtors or the Liquidating Trust may have against the Holder of

such Claim in accordance with the Plan; provided, however, that neither the failure to do so nor

the allowance of any Claim hereunder shall constitute a waiver or release by the Debtors or

Liquidating Trust, as applicable, of any such claim that the Debtors or the Liquidating Trust may

have against such Holder.

9.      Vesting of Assets and Preservation of Litigation Rights. Pursuant to the Plan, and

pursuant to sections 1123(b)(3) and 1141(b) and (c) of the Bankruptcy Code, on the Effective Date,

the Assets of the Debtors' Estates which constitute the Liquidating Trust Assets will be vested in

and continue after the Effective Date as Liquidating Trust Assets. Except as otherwise provided in the Plan, the Liquidating Trust Agreement, this Confirmation Order, or in any contract, instrument, release or other agreement entered into or delivered in connection with the Plan, on the Effective Date, the Liquidating Trust Assets shall vest in the Liquidating Trust, free and clear of all Claims, Equity Interests, Liens, encumbrances, and interests. Any claims, demands, rights, and Causes of Action of the Debtors or their Estates, together with all privileges associated with such claims, demands, rights, and Causes of Action, shall be preserved and vest in the Liquidating Trust as provided in the Plan and shall be prosecuted, managed, controlled, and/or settled on behalf of the Liquidating Trust by the Liquidating Trustee, as provided in the Plan and the Liquidating Trust Agreement. For the avoidance of doubt, the Second Light Declaration is intended to solely address the claims being released by the Debtor Release and does not impair or otherwise affect any claim preserved for and vested in the Liquidating Trust. The Liquidating Trustee is authorized to take any action on behalf of the Debtors in the furtherance of the liquidation of the Liquidating Trust Assets, including executing any corporate action related to the liquidation of the Liquidating Trust Assets and dissolution and winding up of the Debtors as business entities. In accordance with the Plan and Liquidating Trust Agreement, the Liquidating Trustee is authorized to perform such post-Effective Date acts as are required to effectively and finally wind up the affairs of the Debtors, including, but not limited to, preparing and filing final tax returns, paying final invoices of the Debtors, and paying any postpetition Professional Fees solely from the Professional Fee Escrow Account after the allowance of final fee applications by this Court.

10.     <u>Injunctions and Exculpation</u>. Section 105(a) of the Bankruptcy Code permits issuance of the injunctions and approval of the exculpations set forth in Article XII of the Plan if, as has been established here based upon the record in the Chapter 11 Cases, the Confirmation

Brief, the Company Declaration, and the evidence presented at the Confirmation Hearing, such provisions (i) are essential and necessary to the formulation and implementation of the Plan, as provided in section 1123 of the Bankruptcy Code, (ii) confer substantial benefits on the Debtors' Estates, (iii) are fair, equitable and reasonable, and (iv) are in the best interests of the Debtors, their Estates, and parties in interest. Pursuant to section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the exculpations and injunctions set forth in the Plan and implemented by this Confirmation Order are fair, equitable, reasonable, and in the best interests of the Debtors, their Estates, and the Holders of Claims and Equity Interests.

Based upon the record of these Chapter 11 Cases, the representations of the parties, and/or the evidence proffered, adduced, and/or presented at or before the Confirmation Hearing, this Court finds that the injunctions and exculpations set forth in Article XII of the Plan are consistent with the Bankruptcy Code and applicable law and are therefore approved.

11.    _Setoffs_. For avoidance of doubt, Section 12.08 (Setoffs) of the Plan shall not apply to collateral source recoveries including any collateral held by Rabobank as Agent under the Prepetition First Lien Credit Agreement, _provided_ that a Holder of a Claim or Equity Interest is entitled to only a single satisfaction of its Allowed Claim or Equity Interest.

12.    _Insurance Policies_. For avoidance of doubt, the retention of rights under Section 7.06 of the Plan shall not limit or affect the rights, remedies, and defenses of any insurer, beneficiary, or third-party beneficiary under or in connection with any insurance policy insuring the Debtors or providing coverage for the Debtors or their Assets or alter the terms, conditions, definitions, exclusions, and limitations of any such policies, including, without limitation, any right or defense of setoff. In the event an order is entered granting any request by an insurer relief from the automatic stay, the insurer may take actions in accordance with the order granting stay relief

without violating any injunctions or stays provided for in the Plan, including, without limitation, Article XII of the Plan.

13. <u>CNA Stipulation</u>. The terms of the *Stipulation and Order Resolving Motion of the Marine Policy Underwriters for Relief from the Automatic Stay* [Doc. No. _____] (the "**CNA Stipulation and Order**") are integral to, part of, and incorporated by reference into this Order, and to the extent of any inconsistency between the CNA Stipulation and Order on the one hand, and this Order, the Plan, the Plan Supplement and/or the Disclosure Statement on the other (including any exhibits thereto), the terms of the CNA Stipulation and Order shall control.

14. <u>CrowdOut Subordination Agreement</u>. In connection with the CrowdOut Facility (as defined in the Disclosure Statement), CrowdOut Capital LLC ("**CrowdOut**") entered into certain subordination agreements with the Debtors and certain of their lenders, including that certain Subordination Agreement dated as of February 23, 2022 with Rabobank and the Debtors (as amended, the "**Rabobank-CrowdOut Subordination Agreement**" and collectively with any other subordination agreements entered into by CrowdOut or Rabobank or any other party in connection with any of the Debtors' financing facilities, as amended, the "**Subordination Agreements**"). Notwithstanding anything to the contrary in this Confirmation Order or the Plan (including the Plan Supplement), the parties' respective rights and obligations under the Subordination Agreements and section 510(a) of the Bankruptcy Code are hereby preserved, and CrowdOut shall receive treatment as a Class 4A claim, if at all, solely to the extent permitted under Section 2 of the Rabobank-CrowdOut Subordination Agreement. The Debtors, as applicable, shall transfer their respective interests in the Subordination Agreements, including the Rabobank-CrowdOut Subordination Agreement, to the Liquidating Trust; provided, however, that any such transfer shall not in any way reduce, alter, or compromise the parties' respective rights, obligations,

claims, or defenses thereunder, including, without limitation, the parties' claims in these Chapter 11 Cases and under the applicable loan documents.

15.    <u>Binding Effect</u>. Pursuant to section 1141 and the other applicable provisions of the Bankruptcy Code, on or after entry of this Confirmation Order and subject to the occurrence of the Effective Date, the provisions of the Plan (including the exhibits and schedules thereto and all documents and agreements executed pursuant thereto or in connection therewith, including those contained in the Plan Supplement) and this Confirmation Order shall bind the Debtors, the Liquidating Trust, all Holders of Claims against and Equity Interests in the Debtors (irrespective of whether such Claims or Equity Interests are Allowed, Disallowed or Impaired under the Plan or whether the Holders of such Claims or Equity Interests accepted or are deemed to have accepted the Plan), each Entity receiving, retaining or otherwise acquiring property or Distributions under the Plan, any and all non-Debtor parties to executory contracts and unexpired leases with any of the Debtors, any Entity making an appearance in the Chapter 11 Cases, all parties that filed objections to Confirmation of the Plan, any other party in interest in the Chapter 11 Cases, and the respective heirs, executors, administrators, successors, or assigns, if any, of any of the foregoing.

16.    <u>Cancellation of Existing Stock and Agreements</u>. On the Effective Date, except to the extent otherwise provided herein or in Section 3.07(j) of the Plan, all notes, stock, membership interests, instruments, certificates, and other documents evidencing any Claims or Equity Interests shall be canceled and shall be of no further force as to the Debtors, whether surrendered for cancellation or otherwise, and the obligations of the Debtors thereunder or in any way related thereto shall be discharged.

17.    <u>Equity Interests in Mercon B.V.</u> The Equity Interests in Mercon B.V. shall be cancelled to the fullest extent permissible under applicable U.S. law upon the Effective Date;

provided however, to the extent this Order is not recognized under Dutch law, the Equity Interests
in Mercon B.V. shall be cancelled as soon as the dissolution of Mercon B.V. can be accomplished
under Dutch law.

18.    <u>Filing and Recording</u>. This Confirmation Order is, and shall be, binding upon and
shall govern the acts of all persons or entities including, without limitation, all filing agents, filing
officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of
deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and
local officials, and all other persons and entities who may be required, by operation of law, the
duties of their office, or contract, to accept, file, register, or otherwise record or release any
document or instrument. Each and every federal, state, and local government agency is hereby
directed to accept any and all documents and instruments necessary, useful, advisable, or
appropriate (including financing statements under the applicable uniform commercial code) to
effectuate, implement, and consummate the transactions contemplated by the Plan and this
Confirmation Order without payment of any stamp tax or similar tax imposed by state or local law.

19.    <u>Compromise of Controversies</u>. The settlements embodied in the Plan are each (i) in
the best interests of the Debtors and their Estates, (ii) fair, equitable and reasonable, (iii) within
the range of reasonableness, and (iv) made at arm's length and in good faith. The entry of this
Confirmation Order constitutes approval of such compromise and settlement under section 363 of
the Bankruptcy Code and Bankruptcy Rule 9019, subject to the terms of the Plan.

20.    <u>Orders in Aid of Compromise and Settlement</u>. Section 5.02 (Orders in Aid of
Compromise or Settlement) of the Plan is approved. For avoidance of doubt, (i) approval of Section
5.02 (Orders in Aid of Compromise or Settlement) of the Plan by entry of this Confirmation Order
does not itself effectuate a bar order or channeling injunction or the Court's approval of entitlement

to same but rather provides that the Debtors or the Liquidating Trustee may request that the Bankruptcy Court issue a bar order or channeling injunction; and (ii) any request for entry of a bar order or channeling injunction pursuant to Section 5.02 (Orders in Aid of Compromise or Settlement) of the Plan shall be made by motion or adversary proceeding Filed in accordance with Sections 105(a) and 1123 of the Bankruptcy Code, Bankruptcy Rule 9019, and other applicable law with all defenses and objections preserved.

21.    <u>Dissolution of Certain Debtors</u>. On the Effective Date and without the need for further order of the Bankruptcy Court, action or formality that otherwise might be required under non-bankruptcy law, the Dissolving Debtors will be deemed dissolved without any further filing with or action by any secretary of state or other governmental official in each of the Dissolving Debtors respective states of incorporation or formation.

22.    <u>Dissolution of the Creditors' Committee</u>. On the Effective Date, the Creditors' Committee shall be deemed dissolved and its members shall be deemed released of their duties, responsibilities and obligations; *provided, however*, that, following the Effective Date, the Creditors' Committee shall continue in existence and have standing and a right to be heard for the following limited purposes: (a) applications, and any relief related thereto, for compensation by Professionals; and (b) any appeal to which the Creditors' Committee is a party.

23.    <u>Reports</u>.  After the Confirmation Date, the Debtors have no obligation to File with the Bankruptcy Court or serve on any parties reports that the Debtors were obligated to File under the Bankruptcy Code or a prior order of the Bankruptcy Court, including monthly operating reports (except for any periods for which a monthly operating report was not Filed before the Confirmation Date), ordinary course professional reports, and monthly or quarterly reports for Professionals;

provided, however, that the Debtors will comply with the U.S. Trustee's quarterly reporting requirements until the Effective Date.

24.     <u>Plan Distributions</u>. The provisions of the Plan regarding the Distributions under the Plan and the procedures for resolving Disputed Claims, respectively, are hereby approved in all respects. From and after the Effective Date, the Liquidating Trust shall, subject to the terms of the Plan, have sole responsibility and authority for disputing, objecting to, compromising and settling, or otherwise resolving and making Distributions with respect to all Claims.

25.     <u>Claims Register</u>. Any Claim that has been paid, satisfied, or superseded may be expunged on the Claims Register by the Liquidating Trustee (or the Claims Agent at the Liquidating Trustee's direction), and any Claim that has been amended may be adjusted thereon by the Liquidating Trustee without a Claims objection having to be Filed and without any further notice to or action, order, or approval of the Bankruptcy Court.

26.     <u>Assumption or Rejection of Contracts and Leases</u>. Pursuant to Article VII of the Plan, each Executory Contract and Unexpired Lease not previously rejected, assumed, or assumed and assigned shall be deemed automatically rejected pursuant to sections 365 and 1123 of the Bankruptcy Code, unless such Executory Contract or Unexpired Lease: (1) is specifically described in the Plan as to be assumed in connection with Confirmation of the Plan, or is specifically scheduled to be assumed or assumed and assigned pursuant to the Plan or the Plan Supplement; (2) is subject to a pending motion to assume such Unexpired Lease or Executory Contract as of the Effective Date; (3) was previously assumed or assumed and assigned during the pendency of the Chapter 11 Cases; (4) is a contract, instrument, release, indenture, or other agreement or document entered into in connection with the Plan; or (5) is an insurance policy, as set forth in Section 7.06 of the Plan.

(a)    Any Proof of Claim for damages arising from the rejection must be filed with the Bankruptcy Court on or before the latest of: (i) the time for filing a Proof of Claim pursuant to Bankruptcy Rule 3002(c); (ii) 30 days after the entry of this Confirmation Order approving the rejection of the contract or lease; or (iii) 30 days after the effective date of the rejection of the contract or lease.

(b)    Subject to the Plan, the Debtors, and the Liquidating Trust, as applicable, reserve the right to assert that any license, franchise, and partially performed contract is a property right and not an Executory Contract.

27.    <u>Payment of Statutory Fees</u>. The Debtors shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6), through Confirmation, within fourteen (14) business days of entry of this Confirmation Order. The Liquidating Trustee shall file with the Court post-confirmation Quarterly Operating Reports and pay the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) for post-confirmation periods within the time period set forth in 28 U.S.C. § 1930(a)(6), based upon all post-confirmation disbursements, until the earlier of the closing of this case by the issuance of a Final Decree by the Bankruptcy Court or upon the entry of an Order by the Bankruptcy Court dismissing this case or converting this case to another chapter under the United States Bankruptcy Code.

28.    <u>Post-Confirmation Reporting</u>. Following entry of this Confirmation Order, the Liquidating Trustee will file the proposed order and such periodic post-confirmation reports required by Rule 3021-1 of the Local Rules.

29.    <u>Exemption from Certain Taxes and Fees</u>. To the maximum extent provided by section 1146(a) of the Bankruptcy Code, any post-Confirmation transfer from any Entity pursuant to, in contemplation of, or in connection with the Plan or pursuant to: (a) the issuance, Distribution,

transfer, or exchange of any debt, equity security, or other interest in the Debtors; or (b) the making, delivery, or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including any deeds, bills of sale, assignments, or other instruments of transfer executed in connection with any transaction arising out of, contemplated by, or in any way related to the Plan, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, or other similar tax or governmental assessment, in each case to the extent permitted by applicable bankruptcy law, and the appropriate state or local government officials or agents shall forego collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

30.    <u>Preservation of Agent Indemnification</u>.  Notwithstanding anything to the contrary in this Confirmation Order or the Plan, Sections 8.5 and 8.14 of the Prepetition First Lien Credit Agreement, including but not limited to all rights to indemnity or reimbursement by Rabobank as the agent under the Prepetition First Lien Credit Agreement, shall survive termination of the Prepetition First Lien Credit Agreement.

31.    <u>Liability to Governmental Unit</u>. Nothing in this Confirmation Order or the Plan discharges, releases, precludes, or enjoins any liability to a Governmental Unit on the part of any Entity other than the Debtors or the Debtors' estates. Nor shall anything in this Confirmation Order or the Plan enjoin or otherwise bar a Governmental Unit from asserting or enforcing, outside of this Court, any liability against an Entity other than the Debtors or the Debtors' estates. Nothing in this Confirmation Order or the Plan shall affect any valid right of setoff or recoupment of any Governmental Unit.

32.    <u>Notice of Confirmation and Effective Date</u>. Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), as soon as reasonably practicable after the Effective Date, the Debtors shall serve notice of this Confirmation Order and the occurrence of the Effective Date on all Holders of Claims and Equity Interests listed on the Schedules or who filed a Proof of Claim and any other persons on whom the notice of Confirmation Hearing was served. Such actual notice of entry of this Confirmation Order shall have the effect of an order of the Court and shall constitute good and sufficient notice of the entry of this Confirmation Order and of the relief granted herein pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), and no other or further notice of entry of this Confirmation Order need be given. The Liquidating Trustee shall also make the aforementioned notice available on the Website for these Chapter 11 Cases.

33.    <u>Reversal or Vacatur</u>. If any or all of the provisions of this Confirmation Order are hereafter reversed, modified or vacated by subsequent order of this Court or any other court, such reversal, modification or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtors' receipt of written notice of any such order. Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto.

34.    <u>Retention of Jurisdiction</u>. Under sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding entry of this Confirmation Order and occurrence of the Effective Date, and except as otherwise ordered by this Court, this Court shall retain exclusive jurisdiction over all matters arising out of, and related to, these Chapter 11 Cases and the Plan to the fullest extent

permitted by law (*provided, however,* that notwithstanding the foregoing, with respect to all civil proceedings arising under the Bankruptcy Code or arising in or related to these Chapter 11 Cases and the Plan, this Court shall have original but not exclusive jurisdiction, in accordance with section 1334(b) of Title 28 of the United States Code), including, among other things, jurisdiction over the matters enumerated in section 11.01 of the Plan.

35.     <u>Modifications</u>. After the Effective Date, the Liquidating Trustee may, in accordance with the Liquidating Trust Agreement, seek to modify the Plan in accordance with section 1127 of the Bankruptcy Code and applicable law.

36.     <u>Severability of Plan Provisions</u>. This Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

37.     <u>Governing Law</u>. Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules), the laws of (a) the State of New York shall govern the construction and implementation of the Plan and (except as may be provided otherwise in any such agreements, documents, or instruments) any agreements, documents, and instruments executed in connection with the Plan and (b) the laws of the state of incorporation of the Debtors shall govern corporate governance matters with respect to the Debtor; in each case without giving effect to the principles of conflicts of law thereof.

38.     <u>Applicable Non-Bankruptcy Law</u>. Pursuant to section 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Plan and related documents or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

39.    <u>Governmental Approvals</u>**.** Each federal, state, commonwealth, local, foreign or other Governmental Authority is hereby directed and authorized to accept any and all documents, mortgages, deeds of trust, security filings, financing statements and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan and this Confirmation Order. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any governmental authority with respect to the implementation or consummation of the Plan and any other acts that may be necessary or appropriate for the implementation or consummation of the Plan.

40.    <u>Substantial Consummation</u>. On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

41.    <u>Inconsistency</u>. To the extent of any inconsistency between this Confirmation Order and the Plan, the Disclosure Statement, or any documents or exhibits thereto or in connection with any of the foregoing, this Confirmation Order shall govern and control.

42.    <u>No Waiver</u>. The failure to specifically include any particular provision of the Plan in this Confirmation Order will not diminish the effectiveness of such provision nor constitute a waiver thereof, it being the intent of this Court that the Plan is confirmed in its entirety and incorporated herein by this reference.

43.    <u>Final Order</u>. This Confirmation Order is a Final Order. The requirements under Bankruptcy Rule 3020(e) that an order confirming a plan is stayed until the expiration of 14 days after entry of the order are hereby waived. This Confirmation Order shall take effect immediately.

Dated: _____, 2024
New York, New York

_____
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

<u>The Plan</u>

(To be Attached)

**Exhibit B**

<u>Released Mercon D&Os</u>

(To be Attached)